## SAMUEL SUTTON *vs.* THOMAS B. WARREN.

A marriage, valid where it is contracted, is valid in this State, if not incestuous by tne law of nature, or not made void by Rev. Sts. *c.* 75, § 6, although it would be void by the law of this State, if contracted here.

The intermarriage of a man and his mother's sister, though void by the law of this State, is not incestuous by the law of nature, and was not void by the law of England before the *St.* of 6 Wm. 4, *c.* 54, though it was voidable by process in the ecclesiastical court.

A husband may maintain an action in his own name only, on a promissory note given to his wife during coverture.

ASSUMPSIT on a promissory note for $1300, given by the defendant to Ann Sutton, on the 10th of August 1840. The case was submitted to the court upon the following facts agreed on by the parties :

The note declared on was given for money lent by Ann Sutton to the defendant. The plaintiff and said Ann Sutton are natives of England, and were married at Duffield, in England, on the 28th of November 1834. About one year after their marriage, they came to this country, where they have lived, as husband and wife, ever since. The said Ann was the own sister of the mother of the said Samuel Sutton, the plaintiff, and has always since said marriage gone by the name of Ann Sutton. Her former name was Ann Hills.

Judgment to be rendered for the plaintiff, if the court are of opinion that he is entitled to recover ; otherwise, he is to be nonsuit.

*E. D. Sohier*, for the plaintiff. A marriage, if valid where it was contracted, is valid here, if not incestuous by the law of nature. *Medway* v. *Natick*, 16 Mass. 157. *Greenwood* v. *Curtis*, 6 Mass. 378. Story's Conflict of Laws, (2d ed.) §§ 113, 113 *a.* The marriage in question was not thus incestuous ; *Harrison* v. *Burwell*, Vaugh. 206 ; *Wightman* v. *Wightman*, 4 Johns. Ch. 347 ; nor was it invalid by the law of England in 1834. The relationship of the parties was only a canonical impediment to their intermarriage, which rendered it voidab e during their lives, by process in the ecclesiastical court, but not void. 1 Wooddeson, 429

452 NORFOLK.

Sutton v. Warren.Sutton *v.* Warren.

2 Stephen's Com. 280, 284, 285. 1 Bl. Com. 434. Roscoe Crim. Ev. (2d ed.) 286. *The Queen* v. *Inhabitants of Wye,* 7 Adolph. & Ellis, 771. 1 Russell on Crimes, (1st ed.) 290.

*D. A. Simmons,* for the defendant. The law of this State, (*St.* 1785, *c.* 69, and Rev. Sts. *c.* 75,) makes the marriage in question void. And it is incestuous by the law of God. Story's Conflict of Laws, § 114. 1 Bl. Com. 435. *Burgess* v. *Burgess,* 1 Haggard, 384.

HUBBARD, J. It is a well settled principle in our law, that marriages celebrated in other States or countries, if valid by the law of the country where they are celebrated, are of binding obligation within this Commonwealth, although the same might, by force of our laws, be held invalid, if contracted here. This principle has been adopted, as best calculated to protect the highest welfare of the community in the preservation of the purity and happiness of the most important domestic relation in life. *Greenwood* v. *Curtis,* 6 Mass. 378. *Medway* v. *Needham,* 16 Mass. 157. *West Cambridge* v. *Lexington,* 1 Pick. 506. *Compton* v. *Bearcroft,* Bul. N. P. 114. *Scrimshire* v. *Scrimshire,* and *Middleton* v. *Janverin,* 2 Haggard, 395, 437. There is an exception, however, to this principle, in those cases where the marriage is considered as incestuous by the law of Christianity, and as against natural law. And these exceptions relate to marriages in the direct lineal line of consanguinity, and to those contracted between brothers and sisters; and the exceptions rest on the ground, that such marriages are against the laws of God, are immoral, and destructive of the purity and happiness of domestic life. But I am not aware that these exceptions, by any general consent among writers upon natural law, have been extended further, or embraced other cases prohibited by the Levitical law. This subject has been carefully discussed by Chancellor Kent, in the case of *Wightman* v. *Wightman,* 4 Johns. Ch. 343 ; and while he is clear as to the exceptions before stated, he thinks, beyond them there is a diversity of opinion among commentators. 2 Kent

Com. Lect. 26. See also Story's Conflict of Laws, §§ 113, 114. There is also a provision in our statutes, making marriages void in this State, where persons resident in the State, whose marriage, if solemnized here would be void, in order to evade our law, and with the intention of returning to reside here again, go into another State or country and there have their marriage solemnized. Rev. Sts. *c.* 75, § 6. The only object of this provision is, as stated by the commissioners in their report, to enforce the observance of our own laws upon our own citizens, and not to suffer them to violate regulations founded in a just regard to good morals and sound policy. As to the wisdom of this provision it is unnecessary here to speak. But the provision is noticed, to show that it has not been overlooked in the consideration of the case at bar, which presents no such state of facts.

In view of the whole matter, considering it as a part of the *jus gentium,* we do not feel called upon to extend the exceptions further. By our statutes, the marriage contracted between Samuel Sutton, the plaintiff, and Ann Hills, his mother's sister, if celebrated in this State, would have been absolutely void. But by the law of England, this marriage, at the time it was contracted, viz. in November 1834, was voidable only, and could not be avoided until a sentence of nullity should be obtained in the spiritual court, in a suit instituted for that purpose. See Poynter on Marriage and Divorce, 86, 120. 2 Stephen's Com. 280. In *The Queen* v. *Inhabitants of Wye,* 7 Adolph. & Ellis, 771, and 3 Nev. & P. 13, the court of Kings Bench affirmed the doctrine, and held such a marriage voidable only, and that, till avoided, it was valid for all civil purposes. Rosc. Crim. Ev. (2d ed.) 286. Since this marriage was contracted, the *St.* of 6 Wm. 4, *c.* 54, has been passed, making such marriages which should afterwards be celebrated absolutely void.

In the present case, the marriage of these parties was not void by the laws of England, though voidable in the spiritual court. It never was avoided, and though absolutely prohibited by our laws, yet not being within the exception, as

against natural law, we do not feel warranted in saying the parties are not husband and wife. The plaintiff, Samuel Sutton, sues on a promissory note given to the said Ann Sutton, and, as her husband, he can maintain an action thereon, in his own name alone, there being no other cause of objection raised than the one stated in regard to the legal ity of their marriage. Bayley on Bills, (2d Amer. ed.) 42. Clancy Husb. & Wife, 4.

*Judgment for the plaintiff.*